# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Jan 08, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
 )
A black SCHOK smart phone, Milwaukee Police )
Department Inventory #23038631-1 )
 )

Case No.   24   MJ   10
**Matter No.: 2023R00500**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 2119; 924(c); 922 (g)(1); 924(a)(8); | Carjacking; brandishing and discharge of a firearm during a crime of violence; felon in possession of a firearm; |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

TFO Martin Keck, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone                    *(specify reliable electronic means).*

Date:   01/08/2024

*Judge's signature*

City and state:   Milwaukee, WI                    Hon. William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEACH WARRANT
## Matter No.: 2023R00500

I, Martin Keck, being first duly sworn on oath, on information and belief state:

## I.     INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:

1.      I am currently employed as a Detective for the Wauwatosa Police Department. I have been employed as a law enforcement officer for over sixteen years. Since October 2018, I have been assigned as a federally deputized Task Force Officer (TFO) on the Federal Bureau of Investigation (FBI) Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies (carjackings), and other violent crime matters, defined under Title 18 of the United States Code. I have participated in the investigation of numerous violent crimes, including armed bank robberies, armed motor vehicle robberies, and armed commercial robbery investigations in violation of Title 18, United States Code, Sections 924(c), 1951, 1956, 1957, 2113, and 2, and other related offenses. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, cellular telephone extractions, interviews, DNA collection, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

2.      Based upon my training and experience, I know that computer hardware and software may be important to a criminal investigation in two distinct and important respects: (1) the objects themselves may be instrumentalities, fruits, or evidence of crime; and/or (2) the objects may have been used to collect and store information about crimes (in the form of electronic data).

Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize computer hardware and software which are (a) instrumentalities, fruits, or evidence of crime, or (b) storage devices for information about crime.

3. To this end, based upon my training and experience, I know that individuals involved in violent crimes use cellular telephones to maintain contact with co-conspirators orally or via electronic message in "text" format. I also know that it is common for suspects who commit violent crimes to take or cause to be taken photographs and other visual depictions of themselves, their associates, and the illegal proceeds and firearms that they control or possess.

4. Based on the investigation to date, there is probable cause to believe that Keyonta L. Davis (DOB XX/XX/2000) unlawfully possessed a firearm and committed an armed robbery carjacking, in violation of Title 18, United States Code, Sections 2119 (carjacking), 924(c) (use, brandishing, and discharge of a firearm during a crime of violence), and 922(g)(1) and 924(a)(8) (felon in possession of a firearm) in the Eastern District of Wisconsin on December 11, 2023.

5. This affidavit is based upon my personal knowledge, my training and experience, and on information reported to me by other state and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon police reports, physical surveillance, and witness statements that I consider to be reliable as set forth herein. The facts of this Affidavit are based upon information obtained from my investigation, as well as information I have received from other law enforcement officers.

6. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included each and every fact known to me concerning this investigation. I have attempted to set forth only the facts that I believe are pertinent to establishing the necessary foundation for the warrant.

## II. IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. This affidavit is submitted in support of an application for a search warrant for the below-described portable electronic device, which is currently in evidence at the Milwaukee Police Department, located at 749 W. State St., Milwaukee, WI 53233, for evidence of the user's possible involvement of the December 11th, 2023 armed robbery carjacking described in detail below:

   a. A black SCHOK smart phone

      i. Milwaukee Police Department Inventory #23038631-1.

8. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## III. PROBABLE CAUSE

9. On Monday, December 11th, 2023 at approximately 4:45am, Milwaukee Police Officers responded to the Trade Hotel, located at 420 W. Juneau Ave., in the City and County of Milwaukee, State of Wisconsin for the report of an armed robbery carjacking. Upon arrival, Milwaukee Police Officer Troy Heaney met with and spoke to the victim of the robbery identified as DCLB. DCLB stated he was a driver for LYFT. He stated he was robbed at gunpoint by two unknown black males. DCLB stated that his vehicle, a gray 2023 Nissan Kicks (WI ATJ-9935) and cell phone were taken during the robbery. After the robbery, DCLB ran to the Trade Hotel where he summoned officers from the Milwaukee Police Department.

10. At approximately 9:00am, Milwaukee Police Detectives Skonieczny and Shipman met with DCLB at his residence in the City of Milwaukee where they obtained a detailed statement from DCLB about the robbery. DCLB described the two actors that robbed him as:

   a. Suspect 1 – Black male, 24-25 years old, 6'00" tall with a thin build. The suspect had a dark complexion, short beard and medium shoulder length dreadlocks. The

suspect was wearing a black and white beanie hat with a white logo on the top, a black hooded sweatshirt with a white logo across the chest, black jeans and black shoes.

b. Suspect 2 – Black male in his early 20's. The suspect was younger and had a dark complexion than Suspect 1. The suspect was 5'06" tall, thin, clean shaven and had short black hair with a fade and was wearing all black clothing.

11. DCLB stated the robbery occurred in the area of the 2700 block of N. 27th St. in the City of Milwaukee at approximately 4:00am. DCLB received a request for a ride through LYFT for a pick-up in the area of 2700 N. 27th St. When DCLB arrived at the location, two males stated their cousin had arranged the ride for them and entered DCLB's vehicle. After the males got into the back seat of DCLB's vehicle, they began to talk amongst themselves. When DCLB neared the ride's destination, Suspect 1 pulled DCLB's sweatshirt back towards him and demanded DCLB pull over. Suspect 1 then held a gun to the back of DCLB's head and stated, "Don't make any sudden moves and pull over." DCLB complied and pulled over the car. Suspect 1 then held the gun to DCLB's head and stated, "You got a phone, you got money". DCLB explained he had no cash and Suspect 1 then stated, "Leave your phone." DCLB then exited the vehicle and ran. Suspect 1 entered the driver's seat of the vehicle and the vehicle fled northbound.

12. Following the interview of DCLB, Detectives Skonieczny and Shipman met with an employee of LYFT in an attempt to obtain location information related to the victim's stolen Nissan Kicks. The employee advised the vehicle was parked in the area of 1415 W. Meinecke Ave. in the City of Milwaukee.

13. Members of the Milwaukee Area FBI Violent Crimes Task Force checked the area of 1415 W. Meinecke Ave. for the stolen Nissan Kicks. The vehicle was located parked and unoccupied behind 2378 N. 15th St. in the City of Milwaukee.

14. At approximately 11:25am, Task Force Officers Strasser and Porter observed two black males approach the Nissan Kicks, enter the vehicle and drive away in the vehicle. These subjects were later identified as Keyonta L. Davis (DOB XX/XX/2000) and ALW (DOB XX/XX/2006). ALW was driving the vehicle. Officers followed the vehicle until it parked behind 2338/2340 N. 15th St. There, the two subjects got out of the vehicle.

15. I assisted with the surveillance and follow of the Nissan Kicks. After parking behind 2338/2340 N. 15th St., I pulled into the lot near the vehicle and activated the emergency lights and sirens of my undercover police vehicle. Both of the subjects looked in my direction and began to run northbound and eastbound.

16. I pursued ALW on foot. I placed him under arrest at 2354 N. 15th St. in the City of Milwaukee.

17. Officers pursued Keyonta Davis on foot until he was arrested at 2382 N. 15th St. Following his arrest, officers searched Davis and located a semi-automatic handgun in his jacket. Additionally, officers located a black SCHOK smart phone. This phone was inventoried as evidence at the Milwaukee Police Department (Inventory #23038631-1) and is currently being stored at the Milwaukee Police Administration Building, 749 W. State St., Milwaukee, WI.

18. On December 11th, 2023 at approximately 7:27pm, Milwaukee Police Det. Schlachter conducted a recorded, Mirandized interview of ALW. During the interview, ALW admitted to robbing an UBER for the vehicle. ALW stated he was not armed during the robbery.

He stated the person that robbed the driver stated, "Pull this motherfucker over right now before I blow your head off". ALW initially stated he was with a subject named Jermelle, but then stated "Keyontis" was really the person that he was with and had the gun during the robbery. ALW stated the robbery occurred near N. 24th St. and W. Highland Ave. ALW was shown a booking photo of Keyonta Davis and asked if that was "Keyontis". ALW viewed the photo and stated he did not know because the person he was with during the robbery had a mask on. ALW did state that the person he was with when he was arrested (Keyonta Davis) was the same person who committed the robbery.

19. On December 12th, 2023 Milwaukee Police Detectives Shipman and Osmanski met with the victim in order to show a photo array. DCLB viewed the photo array and identified Keyonta L. Davis (XX/XX/2000) as the individual that robbed him and was the suspect armed during the robbery (Suspect 1).

20. On December 11th, 2023 the recovered firearm was processed by Milwaukee Police Forensic Investigator Angela Gonzalez. Three DNA swabs of the firearm were collected (magazine, trigger & grip).

21. On December 13th, 2023 the Nissan Kicks was processed by Milwaukee Police Forensic Investigator Michael Winker. During the process, Investigator Winker collected DNA samples from the steering wheel and the door handles.

22. Keyonta Davis is a convicted felon. He was convicted under Milwaukee County Court Case 2020CF001578 for Intimidate Victim / Conspiracy. He was advised by the court on 07/15/2020 that as a convicted felon he is prohibited from possessing a firearm.

## IV. TECHNICAL TERMS

23. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b. SIM – Subscriber Identity Module – Contains the phone number for the Device.

   c. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various

types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

d. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

e. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna

can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

    f. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

    g. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

24. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that the electronic Devices described above have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation

device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

25. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Devices. This information can sometimes be recovered with forensics tools.

26. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of use, who used it, and when.

27. *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

28. *Manner of execution*. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI. CONCLUSION

29. Based on the facts contained within this affidavit, I believe that probable cause exists to search the Device, which is more particularly described in Attachment A, and which is currently located in evidence at the Milwaukee Police Department, for evidence of the aforementioned armed robbery carjacking and unlawful possession of a firearm including but not limited to the information contained in Attachment B.

# ATTACHMENT A

## Property to Be Searched

a. A black SCHOK smart phone

    i. Milwaukee Police Department Inventory #23038631-1.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the Device described in Attachment A that relate to the violation of Title 18, United States Code, Sections 2119 (carjacking), 924(c) (use, brandishing, and discharge of a firearm during a crime of violence), and 922(g)(1) and 924(a)(8) (felon in possession of a firearm) involving Keyonta Davis or any other subject, stored on the device, to include:

   a. any information related to possession of firearms or ammunition (including photographs, videos, text messages, emails, or any other communication information);

   b. any information recording any targets' schedule or travel;

   c. any web search information related to the offense described above;

   d. photographs of locations evidencing pre-robbery or people related to the offenses described above;

   e. SIM card information, specifically the phone number assigned to the Device

   f. any information related to the proceeds from the robbery;

   g. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

   h. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means   ☑ Original   

CLERK'S OFFICE
A TRUE COPY
Jan 08, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
A black SCHOK smart phone, Milwaukee  )  Case No.  24   MJ   10
Police Department Inventory #23038631-1.  )
  )  **Matter No.: 2023R00500**
  )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   01/22/2024   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Hon. William E. Duffin  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   01/08/2024 at 10:00 a.m.                                    *William E. Duffin*
                                                                                                               *Judge's signature*

City and state:         Milwaukee, WI                                Hon. William E. Duffin, U.S. Magistrate Judge
                                                                                                              *Printed name and title*

Case 2:24-mj-00010-WED   Filed 01/08/24   Page 16 of 20   Document 1

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

a. A black SCHOK smart phone

      i. Milwaukee Police Department Inventory #23038631-1.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the Device described in Attachment A that relate to the violation of Title 18, United States Code, Sections 2119 (carjacking), 924(c) (use, brandishing, and discharge of a firearm during a crime of violence), and 922(g)(1) and 924(a)(8) (felon in possession of a firearm) involving Keyonta Davis or any other subject, stored on the device, to include:

    a. any information related to possession of firearms or ammunition (including photographs, videos, text messages, emails, or any other communication information);

    b. any information recording any targets' schedule or travel;

    c. any web search information related to the offense described above;

    d. photographs of locations evidencing pre-robbery or people related to the offenses described above;

    e. SIM card information, specifically the phone number assigned to the Device

    f. any information related to the proceeds from the robbery;

    g. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

    h. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.